UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § CASE NO. 4:16-cr-408 |
| v. | § |
| | § |
| ANDREW IAN FARMER (1), | § |
| JOHN DAVID BROTHERTON (5), and | § |
| CHARLES EARL GROB, JR. (7) | § |

## UNITED STATES'S PARTIALLY UNOPPOSED MOTION TO CLARIFY COURT'S RESTITUTION ORDERS AS JOINT & SEVERAL

The United States of America requests this Court to enter an Order clarifying the joint & several nature of the Restitution Orders in the above cases, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the All Writs Act, 28 U.S.C. § 1651, and the Mandatory Victims Restitution Act, 18 U.S.C. § 3664. As stated in the Certificate of Conference, Defendants John David Brotherton and Charles Earl Grob, Jr., are unopposed to this motion; the government has been unable to confer with Defendant Andrew Ian Farmer.

### BACKGROUND

The wire and securities fraud scheme in this case involved the fraudulent manipulation of the market price and demand for so-called "penny stocks." Through various "pump and dump" techniques, the scheme caused millions of dollars in losses to multiple investor victims. Seven co-defendants and co-conspirators have been named in the original and superseding indictments and informations filed in this case. As described below, three co-defendants have admitted their guilt and have been sentenced by the Court. Their judgments are within the scope of this motion.[1]

---

[1] A fourth co-defendant, Thomas Galen Massey, was sentenced on October 12, 2021. (Doc. No. 571.) As Mr. Massey's judgment notes that his restitution debt is owed jointly and severally with his co-defendants, his judgment is not included in the scope of this motion.

1

On June 21, 2021, Andrew Ian Farmer was sentenced on a two-count information and ordered to pay a combined $8,092,738.49 in restitution to multiple victims identified in an attachment to the second addendum to the PSR. (Doc. No. 527.) Mr. Farmer's PSR noted that his restitution debt would be owed jointly and severally with other co-defendants responsible for the same loss. (Farmer PSR ¶ 76.) Neither party objected to this portion of the PSR. Mr. Farmer's written judgment, however, does not designate that any portion of Mr. Farmer's restitution debt is owed jointly and severally with his co-defendants. (Doc. No. 535, at 6.)

On August 25, 2021, John David Brotherton was sentenced and ordered to pay a combined $6,290,467.08 in restitution to multiple victims identified in a spreadsheet docketed as Entry No. 542-1. Mr. Brotherton's PSR noted that his restitution debt would be owed jointly and severally with other co-defendants responsible for the same loss. (Brotherton PSR ¶ 74.) Neither party objected to this portion of the PSR. Mr. Brotherton's written judgment, however, does not designate that any portion of Mr. Brotherton's restitution debt is owed jointly and severally with his co-defendants. (Doc. No. 552, at 6.)

On July 14, 2021, Charles Earl Grob, Jr., was sentenced and ordered to pay a combined $4,586,395.98 in restitution to multiple victims identified in a spreadsheet docketed as Entry No. 541-1. Mr. Grob's PSR noted that his restitution debt would be owed jointly and severally with other co-defendants responsible for the same loss. (Grob PSR ¶ 74.) Neither party objected to this portion of the PSR. Mr. Grob's written judgment, however, does not designate that any portion of Mr. Grob's restitution debt is owed jointly and severally with his co-defendants. (Doc. No. 554, at 6.)

Because the written judgments of the co-defendants listed above do not designate any portion of their restitution debts as jointly and severally owed, the Clerk's Office cannot and will

not credit the restitution balances of Mr. Farmer, Mr. Brotherton, or Mr. Grob when restitution payments are received on behalf of their co-defendants. The United States seeks to correct this omission through the instant motion. No substantive change in the judgments will be affected; the amounts owed in restitution, and the victims to whom restitution is owed, will remain unchanged. Moreover, the joint & several designation requested by the United States will inure to the benefit of Mr. Farmer, Mr. Brotherton, and Mr. Grob, who would otherwise be required to periodically petition the Court for credit against their restitution totals to account for recovery made by the victims from co-defendants.

## ARGUMENT

The Court is authorized pursuant to Rule 36 of the Federal Rules of Criminal Procedure and the All Writs Act, 28 U.S.C. § 1651, to grant the relief requested by the United States in this matter.

Rule 36 provides this Court authority to make the proposed non-substantive correction to the restitution orders of Mr. Farmer, Mr. Brotherton, and Mr. Grob, designating the portion of their restitution amounts which are owed jointly and severally by multiple co-defendants. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Other courts have determined that non-substantive changes to restitution orders—changes that do not increase the amount of restitution owed by the defendant—may be accomplished through amendments pursuant to Rule 36. For example, in *U.S. v. Williams*, 233 Fed. Appx. 183, 184 (3d Cir. 2007), the Third Circuit affirmed a district court's decision under Rule 36 to correct a sentence to make restitution joint and several. Rule 36 amendments have also been used liberally

to correct misidentified victims. *See also, e.g., U.S. v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004) (affirming district court's correction of victim names and deletion of joint & several payment designation because the total restitution owed by defendant did not change).

The Court, additionally, may grant the relief requested pursuant to the authority of the All Writs Act, 28 U.S.C. § 1651. Under the All Writs Act, the Court may issue other writs as needed in aid of its respective jurisdiction, including its ability to ensure compliance with the letter and intent of 18 U.S.C. § 3664. Section 3664 provides that a victim harmed by multiple co-defendants may be awarded full restitution in each co-defendant's case, but may recover its losses only *once*. *Compare* 18 U.S.C. § 3664(h) (leaving it to the sentencing court's discretion, when multiple defendants contribute to a loss, whether to "make each defendant liability for payment of the full amount of restitution" or to "apportion liability") *with* 18 U.S.C. § 3664(j) (requiring that restitution owed to a victim be reduced to reflect compensatory damages received by the victim for the same loss from other sources).

Without an amendment of the judgment to note that the restitution orders of Mr. Farmer, Mr. Brotherton, and Mr. Grob are owed jointly and severally, they will be required to seek credit from the Court whenever their common victims recover from other co-defendants in this matter. The All Writs Act, in addition to Rule 36, permits the Court to issue an order recognizing the joint and several nature of the co-defendants' restitution debts, thereby effectuating the intent of the parties at sentencing and avoiding unnecessarily complicated motion practice in the future to reach the same results.

## CONCLUSION

For the reasons explained above, the United States respectfully requests that the Court amend the restitution orders of Andrew Ian Farmer (1), John David Brotherton (5), and Charles Earl Grob, Jr. (7) to reflect that restitution is owed jointly and severally with other co-defendants in this matter. A proposed order is provided for the Court's consideration.

        Respectfully Submitted,

        JENNIFER B. LOWERY
        Acting United States Attorney
        Southern District of Texas

By:   */s/ Stephanie Bauman*
       Stephanie Bauman
       Assistant United States Attorney
       SDTX Federal No. 705181
       Texas State Bar No. 24055344
       1000 Louisiana, Suite 2300
       Houston, Texas 77002
       Telephone (713) 567-9419

## CERTIFICATE OF CONFERENCE

I have conferred with Tad Nelson, counsel for Defendant John David Brotherton, and James Ardoin, counsel for Defendant Charles Earl Grob, Jr., regarding the relief requested in this motion, and they are unopposed.

Defendant Andrew Ian Farmer is currently unrepresented and is in the custody of the Bureau of Prisons. Therefore, I was unable to confer with Mr. Farmer.

        */s/ Stephanie Bauman*
        Stephanie Bauman
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this motion and proposed order has been served as stated below:

Andrew Ian Farmer
ADDRESS ON FILE
    *By CM/RRR*

Tad Nelson, Counsel for Defendant John David Brotherton
    *By ECF*

James Ardoin, Counsel for Defendant Charles Earl Grob, Jr.
    *By ECF*

U.S. Probation Office
    *By email*

                                    */s/ Stephanie Bauman*
                                    Stephanie Bauman
                                    Assistant United States Attorney